# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

STATE OF NEVADA.

JULY TERM, 1878.

---

[No. 930.]

## STATE OF NEVADA EX REL. JOHN W. FOX *v.* W. W. HOBART.

STATE PRISON—WARDEN AUTHORIZED TO EMPLOY PHYSICIAN—STATUTES 1877, 66, CONSTRUED.—In construing the acts to provide for the government of the state prison (statutes 1877, 66): *Held*, that the authority to employ a physician is vested in the warden under the clause conferring upon him the power to appoint "all necessary help.'

APPLICATION for *mandamus*.

The facts are stated in the opinion.

*T. W. W. Davies*, for Petitioner.

*John R. Kittrell*, for Respondent.

By the Court, BEATTY, J.:

The relator was appointed physician to the state prison by the board of state prison commissioners, and his account for services as such physician has been allowed by the board of examiners. He prays for a writ of *mandamus* to compel the respondent, who is state controller, to draw his warrant on the treasurer for the amount so allowed. The ground upon which the respondent refuses to draw his warrant is

that the right to appoint a physician to the prison, belongs to the warden of the prison (who has made another appointment), and not to the board of commissioners. This proceeding is an amicable one, instituted for the purpose of obtaining a construction of the law, and all the facts necessary to present the single question as to where the power of appointment resides, are admitted. If it belongs to the board of commissioners, it is conceded that the writ should issue; if it belongs to the warden the petition must be dismissed.

By section 21, article 5, of the constitution, the governor, secretary of state, and attorney-general are constituted a board of state prison commissioners, but they are to have only such supervision over matters connected with the prison as may be provided by law. It is to the statutes, therefore, that we must look for a definition of their powers. Under the act of 1873 (Stats. 1873, 18) they were invested with very extensive and general authority, including the right to appoint a warden and "all necessary help." But by the act of the last legislature (Stats. 1877, 66) a radical change in the government of the prison was effected. The power of appointing the warden was taken from the commissioners and vested in a joint convention of the two branches of the legislature; and upon the warden so to be chosen was conferred the power to appoint and remove the deputy warden, and "all necessary help" at the prison.

In place of the general supervisory authority formerly exercised by the commissioners their powers were enumerated and limited as follows: "They shall have full control of all the state prison grounds, buildings, prison labor, prison property; shall purchase, or cause to be purchased, all needed commissary supplies, all raw material and tools necessary for any manufacturing purposes carried on at said prison; shall sell all manufactured articles and stone, and collect money for the same; shall rent or hire out any or all of the labor of the convicts, and collect the money therefor." (Stats. 1877, 66, sec. 1.)

If the power to appoint a physician is not embraced in these provisions—and clearly it is not—there is nothing in

the existing law under which the commissioners can claim to exercise it. Their general supervising powers have been abolished, and their power to appoint "all necessary help" at the prison has been transferred to the warden. He alone, in our opinion, has authority to employ a physician for the prisoners.

It follows that the petition must be dismissed, and it is so ordered.